**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joel Ball,<br><br>　　　　　　　Defendant,<br><br>v.<br><br>The State of Arizona, (Scottsdale City), the real party of interest; the Honorable Julia LaFave, Commissioner of Maricopa County Superior Lower Court of Appeals,<br><br>　　　　　　　Plaintiff. | No. CR-25-00114-PHX-DGC<br><br>**ORDER** |

Joel Ball attempts to remove his municipal criminal case to this Court. Doc. 1. The Court will remand.

A federal court must remand a removed case if it lacks subject matter jurisdiction over the case. *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("the district court must remand if it lacks jurisdiction"); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Mr. Ball states that he was wrongfully convicted of violating Scottsdale City Code § 19-13, and claims various constitutional errors at trial and on appeal to the "Maricopa County Superior Lower Court of Appeals." Doc. 1. He cites 42 U.S.C. § 1983 as the basis for removal (*id.* at 1), but that statute provides a civil cause of action for certain constitutional violations, not a basis for removing criminal cases to federal court.

1 State criminal cases can be removed in extremely limited circumstances, *see* 28 U.S.C. §§ 1442, 1442a, and 1443, none of which appears to apply here. Furthermore, the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from interfering with ongoing state criminal proceedings. *Corona v. Ducey*, No. CV-22-00373-PHX-JJT (MHB), 2022 WL 1604125, at *6 (D. Ariz. Apr. 19, 2022).

**IT IS ORDERED** that pending motions are denied and the Clerk shall remand this case to Scottsdale Municipal Court.

Dated this 18th day of February, 2025.

*David G. Campbell*
David G. Campbell
Senior United States District Judge